United States District Court
Southern District of Texas
**ENTERED**
October 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HERMINIO CASTILLO, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00210 |
| | § | |
| CHAD THOMAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### **MEMORANDUM AND RECOMMENDATION**

Pending before the Court is Defendant Chase Thomas's Motion to Dismiss Plaintiff Herminio Castillo's claims for failure to state a claim for which relief can be granted, insufficient process, and insufficient service of process. (D.E. 28). The motion was referred to the undersigned for submission of a recommendation to the District Judge. Having considered the motion, responses, and applicable law, the undersigned recommends that the motion be **DENIED** for the reasons set out below.

### I.   BACKGROUND

On September 16, 2024, Plaintiff filed his civil rights complaint pursuant to 42 U.S.C. § 1983., naming Defendants Jim Wells County, Texas ("the County"), and Chad Thomas. (D.E. 1). The complaint alleged that Chad Thomas, a former jailer at Jim Wells County Jail while Plaintiff was a pretrial detainee, violated Plaintiff's constitutional rights when he assaulted him on two occasions. *Id.*

On October 14, 2024, Plaintiff requested the issuance of summons for the County and Chad Thomas. (D.E. 50). On October 15, 2024, the summonses were issued by the Clerk of Court. (D.E. 51). On November 5, 2024, the County filed a motion to dismiss, which the District Court subsequently granted. (D.E. 7, 22, 35).

On December 12, 2024, the District Court held an Initial Pretrial Conference and inquired as to the status of Defendant Chad Thomas and why he had not been served with process. Plaintiff's counsel informed the Court that there had been some "difficulty locating" Chad Thomas and that counsel would endeavor to accomplish service "this week." The Court admonished Plaintiff's counsel that the 90-day deadline to accomplish service would run within the week, the Court was limited in what it could do if service was not accomplished within the 90 days, and that Plaintiff's counsel was "on notice" to accomplish service within the 90-day period.

Later the same day, Plaintiff's counsel filed an Unopposed Amended Complaint and a Request for Issuance of Summons, correcting Defendant Chad Thomas to Defendant Chase Robert Thomas ("Thomas"). (D.E. 15, 16). The Clerk issued the summons for Defendant Chase Thomas on December 13, 2024. (D.E. 19).

Over five months went by with no service on Thomas, no notice to the Court regarding issues with serving Thomas, and no request to authorize alternative service by Plaintiff's counsel. On May 28, 2025, the District Court *sua sponte* issued an Order for Proof of Service (D.E. 26), directing Plaintiff's counsel to provide the Court with proof of service on Thomas on or before June 4, 2025. (D.E. 24). Plaintiff's counsel filed a Motion

for Extension of Time to Effect Service on June 2, 2025, arguing that the time to serve Thomas should be extended under Rule 4(m) for good cause or excusable neglect. (D.E. 25). On June 3, 2025, the District Court granted Plaintiff's Motion for Extension of Time for Service and gave Plaintiff an extension until June 23, 2025. (D.E. 26). Although the District Court made no specific findings in the order, the Court did specifically grant Plaintiff's Motion for an Extension of Time for Service until June 23, 2025, citing Rule 4(m).

Plaintiff's counsel accomplished service on Thomas on June 3, 2025. (D.E. 27). On June 24, 2025, Thomas filed the pending motion to dismiss. (D.E.28).

## II. SUMMARY OD THE ARGUMENT

In his motion to dismiss, Thomas argues that Plaintiff's case should be dismissed for two reasons. First, he argues that Plaintiff's claim is barred by the statute of limitations because, although he filed the case on September 16, 2024, before the limitations period expired, he initially named Chad Thomas as a defendant and did not file suit against Chase Thomas until December 12, 2024. The alleged actions causing Plaintiff injury occurred on October 2, 2022, and therefore, he did not file this suit against Chase Thomas within the two-year limitations period. (D.E. 28, pgs. 4-5). Second, Thomas submits that Plaintiff did not timely effect service on him under Rule 4(m). *Id.* at 6-7. Thomas states that Plaintiff did not serve him in this case until June 3, 2025, almost six months after filing the Amended Complaint, eight months after the statute of limitations expired, and almost nine months after filing his original complaint. *Id.*

3

Plaintiff Castillo filed a response to Thomas's motion to dismiss. (D.E. 29). Plaintiff contends that the Thomas's argument regarding statute of limitations is not valid because the Original Complaint contained a misnomer regarding Thomas's correct first name. Plaintiff maintains that the statute of limitations was tolled and the subsequent amendment of the complaint related back to the date of the original filing. *Id.* at 2. Plaintiff also states that Defendant Thomas has waived any plausibility argument under *Twombly/Iqbal* because he failed to fully brief the issue. Plaintiff submits that a criminal indictment against Thomas defeats any plausibility complaint in this case. *Id.* at 3-5. Lastly, Plaintiff contends that the District Court in this case has already decided that good cause existed to extend the time for service, defeating any timeliness issue regarding when Thomas was served. *Id.* at 5-6.

In his reply, Thomas argues that, with regard to the misnomer issue, the statute of limitations is tolled for a misnamed party only if he is timely served with notice of the suit. (D.E. 32, pg. 2). Defendant Thomas contends that the statute of limitations is not tolled in this case because he was not served with notice of the lawsuit at the time of the amended complaint. *Id.* at 3. Defendant Thomas also maintains that Plaintiff has not shown good cause or due diligence for his failure to serve Defendant in accordance with Rule 4(m).

### III. DISCUSSION

    *a. Applicable Statute of Limitations*

The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *See Pete v.*

4

*Metcalfe*, 8 F.3d 214, 217 (5th Cir.1993). Since Texas has a two-year statute of limitations for personal injury claims, *see Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir.1989), Castillo had two years to file suit from the date his claim accrued. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

It is undisputed that the applicable statute of limitations under Texas law for Castillo's claims is two years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003 ("[A] person must bring suit for ... personal injury ... not later that two years after the day the cause of action accrues."). Under Texas law, in order to "bring suit" on a state law claim within the two-year statute of limitations, the plaintiff must not only file suit within the limitations period but must also use due diligence in serving the defendant with process if the defendant is served after the expiration of the limitations period. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 n. 1 (5th Cir. 1998) (holding that the Texas statute of limitations and specifically the due diligence requirement apply to state law claims filed in federal courts sitting in Texas). When a plaintiff files a petition within the limitations period but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex.1975) (per curiam); *Gant*, 786 S.W.2d at 260.

Here, the claims accrued—that is, this statute of limitations began to run—when the alleged assault "cause[d] an injury, regardless of when [Castillo] learn[ed] of that injury or if all resulting damages have yet to occur." *Suter v. Univ. of Tex. at San Antonio*, 495 F.

5

App'x 506, 509 (5th Cir. 2012) (per curiam) (quoting *Childs v. Haussecker*, 974 S.W.2d 31, 36-37 (Tex. 1998); citing *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997)); *see also Williams v. Kroger Tex., L.P.*, No. 3:16-cv-1631-L, 2016 WL 5870976, at *3 n.1 (N.D. Tex. Oct. 16, 2016) ("The statute of limitations for a personal injury cause of action under Texas law begins to run from the date a wrongful act causes an injury." (citing *Childs*, 974 S.W.2d at 36)). Viewing the Amended Complaint under the same standard of legal sufficiency as applies under Rule 12(b)(6) and applying Texas law on accrual, Castillo's alleged injuries accrued on October 2, 2022. (D.E. 15). Thus, the statute of limitations on Castillo's claims asserted in his Amended Complaint expired on October 2, 2024. The record shows Castillo served Defendant Thomas on June 3, 2025—after the statute of limitations expired. (D.E. 27).

      *b.   Misnomer/Misidentification*

The parties' briefing and statute of limitations arguments require the Court to determine whether the Amended Complaint involves amendment due to misnomer or misidentification. The Fifth Circuit has stated the following regarding misnomer versus misidentification: "The misnomer/misidentification dichotomy usually arises in cases involving whether the statute of limitations was tolled by filing against a party that is defectively named in some way. With a misnomer, the correct party, although misnamed, is served with notice of the suit; in that situation, limitations is tolled .... This is in contrast to a misidentification, which 'arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity.' .... A

misidentification, unlike a misnomer, does not toll the statute of limitations." *DeJongh v. State Farm Lloyds*, 555 F. App'x 435, 438 n.4 (5th Cir. 2014) (citations omitted).

In determining whether a misnomer is fatal, courts generally use an objective standard to test if it is "reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether the plaintiff actually meant to serve and sue a different person." *Jackson v. Duke*, 259 F.2d 3, 7 (5th Cir. 1958). If the misnomer is merely a mistake and did not mislead or confuse the defendants, process is sufficient. *Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir.1999) (holding that a summons naming the defendant as Miller Group Construction instead of Miller Group Construction, Inc. misled no one and was not defective); *see also In re Cyrus II P'ship v. Rafizadeh*, 392 B.R. 248, 265 (Bankr.S.D.Tex.2008) (holding that summons was not defective where the defendant Wellspring Sourcing Co., Limited was named as Wellspring Sourcing, Inc.).

"'The critical inquiry in both misnomer and misidentification cases is whether the correct defendant received actual notice of the lawsuit within the limitations period.'" *Hart v. Dallas Cnty.*, No. 10-CV-1447-F, 2011 WL 13234289, at *4 (N.D. Tex. Apr. 6, 2011) (citing *Torres v. Johnson*, 91 S.W.3d 905, 909 (Tex. App.—Corpus Christi 2001)); *Jimenez v. Lowe's Companies, Inc.*, 2024 WL 726839, at *5 (N.D. Tex. Jan. 18, 2024). Here, Castillo named Chad Thomas in his Original Complaint and later corrected the Defendant's name to Chase Thomas on December 12, 2024. This should be considered a misnomer, as there is no evidence that a Chad Thomas is an actual separate legal entity than Chase

7

Thomas. At no time before December 12, 2024, did Chase Thomas receive actual notice of this lawsuit, according to the record. Chase Thomas received notice when he was served on June 3, 2025. (D.E. 27).

    *c.*    *Rule 4(m)*

When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir.1985); *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981); *Sys. Signs Supplies v. U.S. Dep't of Just., Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Federal Rule of Civil Procedure 4(m) states: "Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4. To establish good cause, a litigant must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Winters*, 776 F.2d at 1306 (emphasis omitted). Additionally, the claimant must make a showing of good faith and establish "'some reasonable basis for noncompliance within the time specified.'" *Id.*

(quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)); *Sys. Signs Supplies*, 903 F.2d at 1013.

In this case, from the date of the Initial Pretrial Conference and filing of the Amended Complaint, over five months went by with no service on Thomas. Also, after the District Court's admonishments during the December 12, 2024, hearing, there were no notices to the Court by counsel for Castillo regarding issues with serving Thomas, nor were there any requests to authorize alternative service by Plaintiff's counsel.

Plaintiff's counsel argues in his response that the District Court has already decided that there was good cause for his failure to timely service Defendant Chase Thomas. (D.E. 29, pgs. 5-6). Although the District Court permitted Plaintiff to extend the deadline that the Court *sua sponte* previously ordered after no service for months, the Court did not state specifically in its June 3, 2025, order whether Plaintiff established good cause for failure to serve Thomas. (D.E. 26). However, the Court's June 3, 2025, order specifically grants Plaintiff's Motion for Extension of Time for Service and cites Rule 4(m). The Fifth Circuit has found that the plain language of Rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). "When a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Id.* Even in the absence of good cause, "the plain

9

language of Rule 4(m)" confers the courts with discretionary authority to extend the time for service. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998); *Strebeck v. American Modern Insurance Co.*, 2023 WL 6118537 *4 (W.D. Louisiana Sept. 1, 2023).

When considering whether to exercise the discretionary authority to extend the time for service, the Court must consider the applicable statute of limitations. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 512-13 (5th Cir. 2013); *Strebeck*, 2023 WL 6118537 at *6. If the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice. *Id.* Because dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claims, it is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists, and a lesser sanction would not better serve the interests of justice. *Id.* Thus, what would essentially be dismissal with prejudice is warranted only where there is a "clear record of delay or contumacious conduct by the plaintiff" or when at least one of three aggravating factors is present, "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Millan v. USAA General Indent. Co.*, 546 F.3d 321, 325 (5th Cir. 2008).

If the District Court had not granted an extension of time to effect service, it most likely would have resulted in Plaintiff's case being dismissed with prejudice because the statute of limitations would disallow any further litigation on Plaintiff's claims. Therefore, the District Court's granting of Plaintiff's Motion for Extension of Time for Service is

10

construed by the undersigned as the Court either making a finding of good cause or simply using its discretion to extend service without a finding of good cause.

     *d.    Relation Back of Amendments Under Rule 15(c)*

Here, Castillo's amended complaint is time-barred if it does not relate back to the filing of his original complaint. To satisfy Rule 15(c), Plaintiff must show that, before the Rule 4(m) period lapsed, Thomas knew about the lawsuit. Castillo cannot satisfy Rule 15(c)'s relation back requirement absent extension of the Rule 4(m) period for service.

Rule 15(c)(1) provides that:

> An amendment of a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out-- in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Here, the District Court granted Castillo's request to extend time for service under Rule 4(m). If the District Court had declined to extend the period for service, Castillo's claims would essentially be dismissed with prejudice. Having extended the Rule 4(m) period for service, Thomas did receive notice within the extended period for service. *See*

*Moore v. Walton*, 96 F.4th 616, 623-24 (3d Cir. 2024) (holding that the plain language of Rule 15(c)(1)(C) applies to not only the initial 90-day period to complete service, but also the entire Rule 4(m) service period, including extensions); *see also McGuire v. Turnbo*, 137 F.3d 321, 325 (5th Cir. 1998). Moreover, Thomas has not shown any prejudice in maintaining a defense on the merits. There is no indication that Thomas's ability to prepare a defense will be hindered. Therefore, because Castillo timely served Thomas as permitted by the District Court's extension order, Castillo meets the requirement under Rule 15(c)(1)(C), and the amended complaint should relate back to the filing date of the original complaint. Accordingly, it is recommended that Thomas's Motion to Dismiss pursuant to Rule 12(b)(4) & (5) should be **DENIED**.

    e.    *Motion to Dismiss for Failure to State a Claim*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion to dismiss, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir.1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556.

Under *Twombly*'s two-pronged approach, the court must determine whether the pleadings contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (applying the *Twombly* two-pronged test to hold that a pleading was insufficient). The first step for the court is to determine those pleadings that are more than "mere conclusions" and thus are entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678. Then, assuming the veracity of these facts, the court must determine whether the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and "plausibly give[s] rise to an entitlement to relief." *Id.*; *see also Rhodes v. Prince*, 360 F. App'x 555, 557 (5th Cir.2010). If the pleadings fail to meet the requirements of *Iqbal* and *Twombly*, no viable claim is stated and the lawsuit is subject to dismissal.

Plaintiff Castillo brings this lawsuit pursuant to 42 U.S.C. § 1983, claiming excessive force in violation of the Fourteenth Amendment to the U.S. Constitution. Thomas, while not fully briefing the issue, moves to dismiss for failure to state a claim

13

regarding the pursuit of claims against Chad Thomas because Defendant Chase Thomas is not liable for the actions of Chad Thomas. (D.E. 32, pg. 8). Castillo argues that the pending indictment against Chase Thomas surpasses any plausibility concerns implicated by *Twombly* or *Iqbal*. (D.E. 29, pg. 5).

It is axiomatic that corrections officers are faced with myriad situations where they must exercise discretion, including situations where they must choose whether to exercise force against a prisoner. When force is used, a corrections officer must also exercise discretion to determine the appropriate amount of force. *See, e.g., Henry v. North Texas State Hospital*, No. 12-cv-198, 2013 WL 3870292, at *3 (N.D. Tex. July 9, 2013) ("Qualified immunity is available to public officials such as prison guards and state hospital employees who must exercise discretion."). Force is considered excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), quoting *Hudson v. McMillian*, 503 U.S. 1, 7, (1992). "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins*, 559 U.S. at 38. Factors to be considered in determining whether an alleged use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503

U.S. at 7; *Wingard v. Louisiana through Dep't of Pub. Safety & Corr.*, 594 F. Supp. 3d 704, 724 (M.D. La. 2022)

To state a claim for excessive force, Castillo's amended complaint must allege "(1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Bazan ex rel. Bazan v. Hidalgo Cty.*, 246 F.3d 481, 487 (5th Cir. 2001) (citation omitted). The second and third elements collapse into a single objective-reasonableness inquiry, *see Scott v. Harris*, 550 U.S. 372, 381 (2007), guided by the following *Graham* factors: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Pena v. City of Rio Grande City*, 879 F.3d 613, 619 (5th Cir. 2018).

Castillo easily satisfies the injury prong. The central question is whether he pleaded facts that plausibly suggest Thomas's conduct was objectively unreasonable. Castillo presents two factual grounds for an excessive force claim against Thomas: (1) Thomas choked Castillo while restrained in a restraint chair; and (2) Thomas forcibly struck Castillo's head against the wall after being removed from the restraint chair. Both factual grounds are alleged by Castillo to have caused significant injury to his person. Both allegations plausibly suggest objective unreasonableness. *See Aucoin v. Cupil*, No. 16-373, 2018 WL 1547347, at *3 (M.D. La. Mar. 29, 2018) (finding that "Plaintiff has adequately demonstrated that Defendants may have used excessive force by punching and

15

kicking Plaintiff even after he complied with their orders and was handcuffed," and holding: "Defendants are also not entitled to qualified immunity because at the time of the incident, it was clearly established that inmates have a constitutional right to be free from the use of excessive force, and it is objectively unreasonable to assault a compliant and restrained inmate."). Defendant Thomas has also not argued otherwise.

Accordingly, it is recommended that the Court **DENY** Thomas's motion for failure to state a claim under Rule 12(b)(6).

## IV. RECOMMENDATION

Therefore, the undersigned respectfully recommends that Defendant Chase Thomas's Motion to Dismiss (D.E. 28) be **DENIED** for failure to state a claim, insufficient service of process, and insufficient process pursuant to Rules 12(b)(4), (5), and (6).

Respectfully submitted on October 20, 2025.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).